**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Tommy Larone COLVIN, Defendant–Appellant.**

**No. 05–51624**

**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 13, 2007.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**398**

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Wayne Frost, Midland, TX, for Defendant–Appellant.

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM: *

Tommy Larone Colvin appeals the sentence he received after he pleaded guilty to possession with intent to distribute more than five grams of cocaine base. Colvin concedes that he has "waived most of his appellate rights" but goes on to argue that, under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), his Sixth Amendment rights were violated and that he "might have" received ineffective assistance of counsel at sentencing.

■ By failing to argue that his guilty plea was unknowing and involuntary, Colvin has waived such an argument. *See* Fᴇᴅ. R.Aᴘᴘ. P. 28(a)(9). Insofar as Colvin is bound by the terms of his plea agreement, he has waived his right to bring the instant appeal, and this court will not review his ineffective assistance and *Booker* arguments. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir.2005).

■ Colvin's argument that the Government "may have" breached the plea agreement does not amount to plain error given that the Government never agreed to seek a downward departure under U.S.S.G. § 5K1.1. *See United States v. Reeves*, 255 F.3d 208, 210 (5th Cir.2001); *United States v. Garcia–Bonilla*, 11 F.3d 45, 46 (5th Cir. 1993). Moreover, Colvin received a three-level reduction under the terms of the agreement, and the Government dismissed the remaining counts against him.

AFFIRMED.